UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 24-cv-24043-BLOOM/Elfenbein**

ROSA MAGDALY LANZA,

    Plaintiff,

v.

HOBBY LOBBY STORES, INC.,

    Defendant.

_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Hobby Lobby Stores, Inc.'s Motion to Dismiss or Alternatively for a More Definite Statement ("Motion"), ECF No. [4]. Plaintiff Rosa Magdaly Lanza filed a Response in Opposition, ("Response"), ECF No. [7], to which Defendant filed a Reply, ECF No. [11] The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I.  BACKGROUND**

On November 16, 2023, Plaintiff was a customer and lawfully present business invitee at Defendant's store. ECF No. [1-2] at ¶ 5. On that date, there was liquid on the floor of the store. *Id.* at ¶ 6. Plaintiff contends that Defendant had actual knowledge of the liquid on the floor of the store, or, alternatively, the liquid on the floor existed for such a length of time that, in the exercise of reasonable care, Defendant should have known about it; or the liquid was on the floor of the store with regularity and was therefore foreseeable. *Id.* Plaintiff was not aware of the liquid on the

Case No. 24-cv-24043-BLOOM/Elfenbein

floor. *Id.* at ¶ 7. As Plaintiff walked through the store, she stepped on the liquid, causing her to fall and suffer bodily injury. *Id.* at ¶ 8.

Plaintiff asserts one count for premises liability, alleging that Defendant breached its duty to Plaintiff by committing one or more of the following acts or omissions:

a) Negligently creating and/or allowing a hazardous condition to exist on its premises which was reasonably foreseeable to cause injury to Plaintiff;
b) Negligently failing to maintain or adequately maintain the premises to prevent Plaintiff from encountering a hazardous condition;
c) Negligently failing to inspect or adequately inspect the premises to ascertain whether the aforesaid condition constituted a hazard to Plaintiff;
d) Negligently failing to correct or adequately correct a dangerous and hazardous condition which was and/or should have been known to the Defendant;
e) Negligently failing to warn the Plaintiff of said dangerous condition when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;
f) Negligently failing to train or adequately train its employees to inspect the premises for dangerous conditions;

*Id.* at ¶ 9. Defendant moves to dismiss for failure to satisfy a condition precedent under Florida Statutes § 768.0427(3), and for failure to state a claim. ECF No. [4]. Further, Defendant contends the Complaint is an impermissible shotgun pleading and includes a claim for negligent mode of operation, which was abolished by Florida Statutes § 768.0755. *Id.* Alternatively, Defendant moves for a more definite statement. *Id.*

Plaintiff responds that the Complaint clearly alleges all necessary elements of a premises liability claim, including Defendant's duty to maintain a safe premises and its failure to do so, which caused Plaintiff's injuries. ECF No. [7]. Plaintiff further contends that the Motion misinterprets both the pleading standards and the requirements of Florida Statutes § 768.0427(3), which does not impose a condition precedent. *Id.* Plaintiff asserts that nowhere in the Complaint are allegations of failure to warn and active negligence commingled. *Id.*

Defendant replies that Plaintiff does not dispute that her claim for medical expenses is for treatment rendered under a letter of protection, nor does Plaintiff respond to Defendant's contention that she failed to comply with the condition precedent. ECF No. [11].

## II. LEGAL STANDARD

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "A facially plausible claim must allege facts that are more than merely possible. . . . But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

Further, "[o]n a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) ("We are required to accept the facts as set forth in the plaintiff's complaint as true, and our consideration is limited to those facts contained in the pleadings and attached exhibits.").

### B. Shotgun Pleading

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit identified four common types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (2) a complaint guilty of "being replete with conclusory, vague, and immaterial facts," (3) a complaint that commits the sin of "not separating into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1321-23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. "The key inquiry is whether the 'failure to more precisely parcel out and identify the facts relevant to each claim materially increase[s] the burden of understanding the factual allegations underlying each count.'" *Id.* (quoting *Weiland*, 792 F.3d at 1324).

## III.   DISCUSSION

### A. Shotgun Pleading

Defendant argues that the fundamental problem with the Complaint is that it improperly comingles what purports to be claims for premises liability, failure to maintain, failure to warn, and active negligence into a single count. ECF No. [4] at 11. Plaintiff responds that no basis exists

that would require Plaintiff to assert separate breach of duties for the allegation of negligence. ECF No. [7] at 8.

The Court finds that the Complaint readily falls within two of the types of shotgun pleadings articulated in *Weiland*. First, the Complaint fails to separate into a different count each cause of action or claim for relief. *See, e.g.*, *Leon v. Fresh Market, Inc.*, 2023 WL 8698525, at *2 (S.D. Fla. Dec. 15, 2023) (dismissing case because "the complaint sets forth, in one negligence count, allegations implicating two distinct claims: one based, loosely, on a failure to warn and one based on a failure to maintain"); *Rodriguez v. BJ's Restaurants, Inc.*, 2023 WL 5507737, at *5 (S.D. Fla. Aug. 25, 2023) ("[C]ourts in our District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action."); *Mendieta v. Holiday CVS, LLC*, 2023 WL 6462221, at *1-*2 (S.D. Fla. Oct. 4, 2023) (striking complaint as a shotgun pleading where the plaintiff, in a premises liability claim, asserted various theories of liability, including failure to maintain, failure to train, and failure to inspect). Plaintiff's Complaint asserts one claim for premises liability. ECF No. [1-2] at ¶ 9. However, within this one claim, Plaintiff asserts six theories of negligence, including negligent failure to maintain, failure to inspect, failure to warn, and failure to train. *Id.* "Each distinct theory, however, is a separate cause of action that must be asserted independently and with corresponding supporting factual allegations." *Mendieta*, 2023 WL 6462221, at *2.

Further, the Complaint is "replete with conclusory, vague, and immaterial facts." *Weiland*, 792 F.3d at 1322; *see, e.g.*, *Ditomasso v. Holiday CVS, L.L.C.*, 2017 WL 733375, at *2 (S.D. Fla. Feb. 24, 2017) (dismissing claim for negligence because the complaint included conclusory and vague facts, such as that the defendant "failed to maintain proper lighting on the premises," and "allowed poor lighting on the premises"); *Rosario v. Trans Union LLC*, 2024 WL 4635187, at *2

5

(S.D. Fla. Aug. 15, 2024) (dismissing claim for negligence where complaint states "in wholly conclusory terms" that the defendant was negligent). As Defendant emphasizes, the Complaint is devoid of any facts as to how Defendant breached its duty to Plaintiff. *See* ECF No. [11] at 3. Indeed, Plaintiff fails to outline *any* facts regarding the incident at Defendant's store. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth.").

Because Plaintiff seeks to advance multiple theories of negligence, she must "separate each cause of action into a separate paragraph, and [she must] support each cause of action with specific (non-conclusory) factual allegations." *Rodriguez*, 2023 WL 5507737, at *6 (quoting *Brodowicz v. Walmart, Inc.*, 2022 WL 3681958, at *2 (S.D. Fla. June 6, 2022)). Therefore, Defendant's Motion is granted.

### B. Leave to Amend

District courts "have broad discretion in permitting or refusing to grant leave to amend." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002). The Court notes that Plaintiff, represented by counsel, does not seek leave to amend the Complaint.

Despite this failure, leave to amend should be "freely given" absent a showing of "futility of amendment." *Id.* at 1270 (citing *Foman*, 371 U.S. at 182). At this juncture, the Court does not have enough information to determine that Plaintiff's claims are futile. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or

immediately subject to summary judgment for the defendant." *Tie Qian v. Sec'y, Dep't of Veterans Affs.*, 432 F. App'x 808, 810 (11th Cir. 2011) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). Since the Court does not have sufficient information to conclude that Plaintiff's claims are futile, she is granted an opportunity to amend her Complaint. Any subsequent complaint must comply with the Federal Rules of Civil Procedure, specifically Rule 8(a)(2).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss, **ECF No. [4]**, is **GRANTED**.

2. Plaintiff's Complaint, **ECF No. [1-2]**, is **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiff may file an Amended Complaint **by February 28, 2025**. The failure to file an Amended Complaint or show cause by February 28, 2025, will result in dismissal of this case without prejudice and without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 14, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record