UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24043-BLOOM/Elfenbein

ROSA MAGDALY LANZA,

    Plaintiff,

v.

HOBBY LOBBY STORES, INC.,

    Defendant.

_____/

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Rosa Magdaly Lanza's ("Plaintiff") Motion for Leave to File Amended Complaint to Add Additional Party ("Motion"), ECF No. [23]. Defendant Hobby Lobby Stores, Inc. ("Defendant") filed a Response in Opposition, ("Response"), ECF No. [24].[1] Plaintiff filed a Reply, ECF No. [26]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

**I.  BACKGROUND**

On or about November 16, 2023, Plaintiff was a customer and lawfully present business invitee at Defendant's store. ECF No. [21] at ¶ 6. On that date, there was liquid on the floor of the store. *Id.* at ¶ 7. Plaintiff contends that Defendant had actual knowledge of the liquid on the floor,

---

[1] Defendants failed to file a response to Plaintiff's Motion, but rather incorporated its response within its Motion to Dismiss. *See* ECF No. [24]. Nevertheless, the response was untimely. S.D. Fla. L.R. 7.1(c)(1) ("For all motions, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion."). Although the Court may deem this "sufficient cause for granting the motion by default," *id.*, the Eleventh Circuit expresses a "strong preference that cases be heard on the merits," *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam). Thus, the Court considers Defendant's untimely Response.

or, alternatively, the liquid on the floor existed for such a length of time that, in the exercise of reasonable care, Defendant should have known about it; or the liquid was on the floor with regularity and was therefore foreseeable. *Id.* At all material times, Plaintiff was not aware of the liquid on the floor. *Id.* at ¶ 8. As Plaintiff walked through the store, she stepped on the liquid, causing her to fall and suffer bodily injury. *Id.* at ¶ 9.

Defendant removed the case to this Court on October 18, 2024,.ECF No. [1], and filed a Third-Party Complaint against RL Miami, L.P. ("RL Miami"), Defendant's landlord. ECF No. [18]. On February 14, 2025, the Court granted Defendant's Motion to Dismiss, providing Plaintiff with leave to amend. ECF No. [19]. The Amended Complaint asserts claims against Defendant for general negligence, as well as for negligent failure to maintain, failure to warn, failure to correct, and failure to inspect. ECF No. [21].

In the present Motion, Plaintiff seeks to add RL Miami as a Defendant. ECF No. [23]. Plaintiff alleges that Defendant failed to disclose RL Miami's identity until after the Court's deadline to amend the pleadings, and it would be unjust to deny Plaintiff the opportunity to amend. *Id.* Defendant responds that the Motion is a pretext to defeat diversity. ECF No. [24]. Plaintiff replies that Defendant implicated RL Miami by attempting to shift liability to them, and thus, Plaintiff should be permitted to bring RL Miami into the case. ECF No. [26].

## II.  LEGAL STANDARD

Although Rules 15 and 20 of the Federal Rules of Civil Procedure generally apply when a plaintiff seeks to amend her complaint to join a party, the Eleventh Circuit has determined that 28 U.S.C. § 1447(e) is the applicable law for joinder of a non-diverse party sought after removal. *See, e.g.*, *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x. 866, 868-69 (11th Cir. 2018); *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998). Section 1447 provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

2

matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The district court ha[s] no discretion to add [a non-diverse] defendant, retain jurisdiction . . . or decide the case on the merits." *Ingram*, 146 F. 3d at 862.

In considering "the extent to which the purpose of the amendment is to defeat federal jurisdiction," this Court has said that the "fraudulent joinder doctrine . . . is not the applicable standard on the joinder of a non-diverse defendant after removal." *Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1337 n.1 (S.D. Fla. 2011). While there is no binding precedent in this Circuit on how to determine whether joinder of a non-diverse defendant after removal is permissible, the Eleventh Circuit has found the balancing test set out in *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir. 1987) instructive. *See Hickerson v. Enter. Leasing Co. of Ga.*, 818 F. App'x. 880, 885 (11th Cir. 2020). The *Hensgens* test requires courts to balance the following four factors: "(1) 'the extent to which the purpose of the amendment is to defeat federal jurisdiction,' (2) 'whether plaintiff has been dilatory in asking for amendment,' (3) 'whether plaintiff will be significantly injured if amendment is not allowed,' and (4) 'any other factors bearing on the equities.'" *Hickerson*, 818 F. App'x at 885 (quoting *Hensgens*, 833 F.2d at 1182); *see Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1322-24 (S.D. Fl. 2017) (adopting the *Hensgens* factors); *Broton v. Walmart, Inc.,* Case No. 24-cv-60139, 2024 WL 3935688, at *2 (S.D. Fla. Aug. 26, 2024).

### III.   DISCUSSION

#### A. *Hensgens* Factors

Plaintiff argues that the Court should grant leave to amend the Complaint to add RL Miami as a Defendant because Plaintiff was unaware of RL Miami's involvement until after the deadline to amend the pleadings. ECF No. [23]. Defendant responds that the *Hensgens* factors weigh in favor of Defendant, because RL Miami's ownership was discoverable via Miami-Dade public

records, Florida corporate records, or early discovery, and thus, Plaintiff knew or should have known of RL Miami's landlord role. ECF No. [24]. Plaintiff replies that she was unaware of RL Miami's role until Defendant claimed an active leak in the ceiling caused the liquid on the floor. ECF No. [26].

### i. Purpose of the Amendment

The first *Hensgens* factor requires the Court to determine whether the motive behind Plaintiff's proposed amendment is to defeat federal jurisdiction. *See Hensgens*, 833 F.2d at 1182; *Taylor v. Ala. CVS Pharmacy, L.L.C.*, Case No. 7:16-cv-1827, 2017 WL 3009695, at *8 (N.D. Ala. July 14, 2017) ("The first factor to consider is whether the amendment is offered solely for the purpose of defeating jurisdiction."). When analyzing this factor, "courts consider whether the plaintiff knew about the non-diverse defendant before removal and yet sought to add the party for the first time after removal." *Hickerson*, 818 F. App'x at 885 (citing *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009)). Additionally, courts look to see "whether the claim against the proposed defendant is relatively strong or weak on the merits[.]" *Taylor*, 2017 WL 3009695, at *8 (citing *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281-82 (N.D. Ala. 2002)).

Here, although Defendant stresses that Plaintiff has conceded joinder will destroy diversity, Plaintiff makes no concession that she seeks to amend to destroy diversity. ECF No. [23] at 3. Rather, Plaintiff contends that RL Miami's involvement is directly relevant to the claims at issue, and Plaintiff was unaware of RL Miami's involvement until after the deadline. *Id.* at 5. Plaintiff seeks to assert claims for negligence against RL Miami, and failure to correct and inspect, as the incident was caused by a roof leak at the subject area.[2] *See id.* at 18-25.

---

[2] Defendant does not dispute that Plaintiff has a viable claim against RL Miami.

Case No. 24-cv-24043-BLOOM/Elfenbein

The Court finds an alternative explanation exists for Plaintiff's proposed amendment. *See Taylor*, 2017 WL 3009695, at *8. Here, the record reflects that Defendant sought to file its third-party complaint against RL Miami on January 14, 2025. ECF No. [16], [18], which is consistent with Plaintiff's contention that this is when she first learned of RL Miami's involvement. ECF No. [23] at 5. Thereafter, the Court entered its Order on Defendant's Motion to Dismiss on February 14, 2025, dismissing the Complaint as a shotgun pleading. ECF No. [19]. A week later, Plaintiff filed her initial Motion to Amend the Complaint.[3] *See* ECF No. [20]. It is entirely plausible that, in response to the Court's Order, Plaintiff sought to add RL Miami to clarify her claims and the relief sought. *See Mushynkevych v. Infinity Auto Ins. Co.*, Case No. 24-cv-24674-BLOOM/Elfenbein, 2025 WL 1036564, at *5 (S.D. Fla. Apr. 8, 2025) (finding that "[t]he timing of events suggests that the delay in the attempted joinder" was due in large part to the plaintiff's failure to realize that she lacked a viable claim against the third-party); *Godwin v. Nat'l Union Fire Ins. Co. of Pittsburgh, Inc.*, Civ. Act. No. 2:05CV783-SRW, 2006 WL 3924795, at *2 (M.D. Ala. Dec. 15, 2006) (finding that the first *Hensgens* factor weighed in the plaintiff's favor where the plaintiff was able to show that he was unaware of a viable claim until after the deadline to amend). Accordingly, the Court finds that the purpose of amendment was not to defeat diversity jurisdiction.

    ii. **Timeliness of the Amendment**

Defendant asserts that Plaintiff knew or should have known of RL Miami's role months before the amendment deadline, as RL Miami's ownership was discoverable via Miami-Dade public records, Florida corporate records, or early discovery. ECF No. [24] at 11. However, Plaintiff points out that Defendant responded to discovery on September 9, 2024, and filed its

---

[3] The Court initially denied Plaintiff's Motion as moot since the Court granted Plaintiff leave to amend in its Order on the Motion to Dismiss. *See* ECF No. [22].

5

Initial Disclosure on December 4, 2024, and did not disclose the existence of any additional defendants. ECF No. [23] at 2. Moreover, Plaintiff contends that she was unaware of RL Miami's involvement until after the deadline. *Id.* at 5; ECF No. [26] at 6.

"A plaintiff is dilatory in adding a non-diverse party when the plaintiff waits an unreasonable amount of time before asking for an amendment, despite having been able to ascertain the party's role in the suit all along." *Hickerson*, 818 Fed. Appx. at 886. Here, however, even if Plaintiff could have discovered RL Miami's identity through public records, Plaintiff claims, and Defendant does not dispute, that Plaintiff was unaware that a leak in the roof may have caused the incident until notified by Defendant. ECF No. [23] at 5. Any claimed delay can, at least in part, be attributed to the late notification by Defendant. Although a month passed between Defendant's Third-Party Complaint and Plaintiff's Motion, "the mere passage of time is not enough to deny a motion to amend[.]" *Burns v. Winnebago Indus., Inc.*, 492 F. App'x 44, 46 (11th Cir. 2012). The record reflects that Plaintiff was not unduly dilatory in adding RL Miami as a party and the second *Hensgens* factor weighs in Plaintiff's favor.

### iii. Injury to Plaintiff

Plaintiff contends that if she is not permitted to add RL Miami as a Defendant, Plaintiff will be unfairly deprived of the ability to pursue legitimate claims against a party known to have contributed to her injuries. ECF No. [23] at 5. Defendant argues that Plaintiff will not suffer significant injury if RL Miami is not joined, and Plaintiff can file a separate state court action against RL Miami if desired. ECF No. [24] at 11.

When considering the third *Hensgens* factor, the "court generally attempts to determine whether a plaintiff can be afforded complete relief in the absence of the amendment." *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1276 (M.D. Ala. 2005). The Eleventh Circuit has recognized that "[b]eing made to litigate . . . in state court does not necessarily amount to a

6

significant injury—even if it results in duplicative efforts on the plaintiffs' part[.]" *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 886 (11th Cir. 2020). However, where the plaintiff would be forced to litigate identical actions in separate forums, the third factor leans in the plaintiff's favor. *See Valencia v. Wal-Mart Stores, Inc.*, Case No. 23-cv-20862-BLOOM/Otazo-Reyes, 2023 WL 3172532, at *3 (S.D. Fla. May 1, 2023) ("In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." (quoting *Kelly v. Stillwater Pres. Dev., LLC*, Case No. 8:18-cv-98-T-27AEP, 2018 WL 7460057, at *2 (M.D. Fla. Nov. 14, 2018))); *Tan v. Birkbeck*, CASE NO. 20-80965-CIV-ALTMAN, 2020 WL 3866747, at *4 (S.D. Fla. July 9, 2020) (finding that the third factor weighed in favor of the plaintiff because "[plaintiff] would have to prosecute—and the civil justice system would have to bear—two identical actions . . . at the same time. That tremendously unnecessary (and inefficient) duplication of effort might well result in inconsistent rulings—on everything from discovery disputes to dispositive motions—and incongruous verdicts").

Indeed, here, Plaintiff's options are to either forego her claims against RL Miami or pursue her claims separately in state court. As both parties recognize, Plaintiff's claims against Defendant and RL Miami stem from the same facts, and thus, "[t]he exact same factual and legal questions would be contested unnecessarily in two separate fora, wasting precious judicial resources and increasing the cost of the litigation for all parties." *Taylor v. Ala. CVS Pharm., L.L.C.*, Case No. 7:16-cv-1827-TMP, 2017 WL 3009695, at *9 (N.D. Ala. July 14, 2017). Accordingly, this factor weighs in favor of Plaintiff.

### iv. Other Factors

"The final *Hensgens* factor is 'any other factors bearing on the equities.'" *Weaver v. Fam. Dollar Sores of Ga. LLC*, 1:20-CV-03072-ELR, 2021 WL 12300125, at *4 (N.D. Ga. June 14,

2021) (quoting *Dever v. Fam. Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018)). While the defendant's interest in a federal forum carries weight, "the expense, waste of judicial resources, and risk of inconsistent outcomes that may result from parallel state court litigation, must also be considered." *Thornton v. McCarthy Bldg. Cos., Inc.*, No. 1:20-cv-01257, 2020 WL 6738153, at *2 (N.D. Ga. Nov. 17, 2020) (citing *Hensgens*, 833 F.2d at 1182).

Here, Defendant contends that allowing the amendment would prejudice Defendant and undermine judicial efficiency, because Defendant timely removed this case, has engaged in motion practice and case management, and will incur duplicative litigation costs if forced to restart in state court. ECF No. [24] at 11. While the Court is cognizant of the potential impact, it points out that Defendant did not disclose RL Miami's relationship to the case until after the deadline to amend. Thus, the prejudice Defendant claims is at least partially self-inflicted and it would be inequitable to force Plaintiff to pursue parallel litigation under these circumstances. Accordingly, the four *Hensgens* factors weigh in favor of granting Plaintiff's Motion.

### B. Diversity Jurisdiction

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). "The jurisdiction of a court over the subject matter of a claim. . . cannot be waived or otherwise conferred upon the court by the parties." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a

jurisdictional grant authorized by Congress." *Univ. of S. Ala*. *v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

District courts have diversity jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), 'all plaintiffs must be diverse from all defendants.'" *First Home Bank v. Net Zero LLC*, No. 3:20-cv-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020) (quoting *Univ. of S. Ala.*, 168 F.3d at 412). Where the district court finds that complete diversity is lacking between the parties, it must remand the matter to state court. *See CSDVRS, LLC v. Purple Commc'ns, Inc.*, 979 F. Supp. 2d 1302, 1305 (M.D. Fla. 2013).

Here, Plaintiff and RL Miami are both citizens of Florida, and thus, the Court lacks complete diversity. Accordingly, the case must be remanded for lack of subject matter jurisdiction. *See Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion**, ECF No. [23]**, is **GRANTED**.

2. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County; and

3. The Clerk of Court shall **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 24-cv-24043-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 16, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

Case 1:24-cv-24043-BB   Document 51   Entered on FLSD Docket 06/16/2025   Page 10 of 10